# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **MICHAEL DWAYNE DURHAM,** ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:09cv00012 |
| **v.** ) | |
| ) | **REPORT AND** |
| **RONALD K. ELKINS, et al.,** ) | **RECOMMENDATION** |
| Defendants. ) | |
| ) | By: PAMELA MEADE SARGENT |
| ) | United States Magistrate Judge |

In this case, the plaintiff, Michael Dwayne Durham, seeks a judgment against the defendants based on his arrest and detention for more than 90 days on drug charges which were ultimately dismissed against him. This case is currently before the court on the defendants' motions to dismiss, (Docket Item Nos. 13 and 14) ("Motions"). Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The Motions are before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B). None of the parties have requested oral argument on the Motions. As directed by the order of referral, the undersigned now submits the following Report And Recommendation.

## *I. Facts*

The facts as alleged by Durham in his Amended Complaint[1] are presumed true for consideration of the Motions. Durham, who resides in Memphis, Tennessee, was

---

[1]Durham filed an Amended Complaint before he served his original Complaint.

notified by the Social Security Administration in November 2006 that his Disability Insurance Benefits were being terminated because he had an outstanding warrant for his arrest in Wise County, Virginia. In December 2006, Durham contacted the Wise County Sheriff's Office to inform the office that there must be a mistake because he had not lived in Virginia in more than 10 years. Durham was told that there was nothing he could do to clear the warrant other than turn himself into authorities. On December 7, 2006, Durham surrendered to the Memphis, Tennessee, police. He was charged with three counts of distributing a controlled substance in violation of Virginia Code Annotated § 18.2-248, and he was transported to the Southwest Virginia Regional Jail in Duffield, Virginia, where he remained in custody until the charges were dismissed against him on March 23, 2007.

The warrant on which the plaintiff was arrested was prepared by the defendants and had the plaintiff's name and social security number instead of those of the actual perpetrator of these crimes. The Michael Durham who actually sold the drugs at issue lived in Wise County and was much younger than the plaintiff. After Durham's court-appointed lawyer presented cellular telephone records showing that Durham was not in Wise County on the dates at issue, the charges against him were dismissed, and he was released from custody on March 23, 2007.

Durham now sues Ronald K. Elkins, the Commonwealth's Attorney for Wise County, Ronald D. Oakes, Wise County Sheriff, and David L. Horner, a Big Stone Gap police officer[2] and a member of the Regional Drug Task Force. These defendants

---

[2] While the caption on the Amended Complaint continues to list Horner as a Wise County Sheriff's deputy, the text of the Amended Complaint states that he was a Big Stone Gap police officer.

have moved to dismiss Durham's claim against them for failing to state a claim upon which relief can be granted.

## II. Analysis

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In considering such a motion, the court should accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff. *See e.g., De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

For quite some time, this court has cited *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), for the proposition that in order to grant a motion to dismiss, it must appear certain that a plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *See also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the Supreme Court recently revisited the proper standard of review for a motion to dismiss and stated that the "no set of facts" language from *Conley* has "earned its retirement" and "is best forgotten" because it is an "incomplete, negative gloss on an accepted pleading standard." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In *Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility standard," in which the pleadings must allege enough to make it clear that relief is not merely conceivable but plausible. *See Twombly*, 550 U.S. at 555-63.

Based on the undersigned's review of the Amended Complaint in this case, it appears that Durham's counsel has simply stated legal conclusions without providing the necessary factual allegations to show that he has a right to relief. The courts have recognized two distinct causes of action under § 1983 for violations of a person's Fourth Amendment right against unreasonable seizure. *See Brooks v. Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). One of these causes of action is for false or unlawful arrest or arrest without legal process. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007). This cause of action cannot be pursued, however, when a person is arrested based on a warrant. *See Bellamy v. Wells*, 548 F. Supp. 2d 234, 237 (W.D. Va. 2008). Although Durham alleges that he was subject to an unlawful and wrongful arrest and detention, his Amended Complaint, on its face, admits that Durham was arrested pursuant to a warrant. Therefore, Durham has no claim for a constitutional violation for false arrest or arrest without legal process.

The other cause of action recognized for violation of a person's Fourth Amendment right against unreasonable seizure is a claim for malicious prosecution

or abuse of judicial process. *See Lambert v. Williams*, 223 F.3d 257, 260-62 (4th Cir. 2000). To pursue such a claim, Durham must show an unreasonable seizure in violation of the Fourth Amendment based on (1) the initiation or maintenance of a proceeding against him by the defendants, (2) termination of that proceeding favorable to him, (3) lack of probable cause to support that proceeding. *See Lambert,* 223 F.3d at 260, 262 n. 2; *Brook*s, 85 F.3d at 183-84, n. 5. Durham's Amended Complaint does not mention malicious prosecution or wrongful use of judicial process. Nor does Durham's Amended Complaint allege that the warrant under which he was arrested was issued without probable cause. That being the case, it appears that Durham's Amended Complaint does not state sufficient facts upon which relief can be granted under the Fourth Amendment for malicious prosecution.

It is important to note that, even after defense counsel pointed out the deficiencies in the Amended Complaint through the Motions, Durham's counsel has not requested leave to amend to allege the facts necessary to pursue a § 1983 claim based on malicious prosecution. Therefore, the undersigned recommends that the court grant the Motions and dismiss Durham's claims against these defendants without prejudice for failing to state a claim upon which relief can be granted. Based on my finding on this issue, I do not address the defendants' additional grounds for dismissal of Durham's claims other than to note that, if Durham had adequately pled a cause of action under § 1983 for malicious prosecution, the statute of limitations would have not begun to run on that claim until March 23, 2007, the date on which the charges against him were dismissed. *See Heck*, 512 U.S. at 484 (one element of § 1983 malicious prosecution claim is termination of criminal proceedings in favor of the accused); *Morrison v. Jones*, 551 F.2d 939, 940-41 (4th Cir. 1977) (cause of action for

§1983 malicious prosecution does not accrue until criminal proceedings are terminated).

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Durham's Amended Complaint fails to state a claim upon which relief can be granted for wrongful arrest because he was arrested pursuant to legal process; and
2. Durham's Amended Complaint fails to state a claim upon which relief can be granted for malicious prosecution or wrongful use of judicial process.

## RECOMMENDED DISPOSITION

Based upon the above-stated reasons, the undersigned recommends the court grant the Motions and dismiss the plaintiff's claims against the defendants without prejudice.

## Notice To Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in the matter to the Honorable Glen M. Williams, Senior United States District Judge.

The clerk is directed to send copies of this Report and Recommendation to all counsel of record.

**DATED:** This 11th day of June 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE