# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **MICHAEL DWAYNE DURHAM,** ) | |
| Plaintiff, ) | Case No. 2:09cv00012 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **RONALD K. ELKINS, et al.,** ) | By: GLEN M. WILLIAMS |
| Defendants. ) | Senior United States District Judge |

This case is currently before the court on the motion for summary judgment filed on behalf of all the defendants, (Docket Item No. 45), as well as Ronald K. Elkins's motion to dismiss, (Docket Item No. 37), and Ronald D. Oakes's and David L. Horner's motion to dismiss.[1] (Docket Item No. 38.) This case was referred, pursuant to 28 U.S.C. § 636(b)(1)(B), to the Honorable Pamela Meade Sargent, United States Magistrate Judge. On November 30, 2009, the Magistrate Judge entered two report and recommendations, (Docket Item Nos. 49 and 50), recommending that the motions be granted. Objections to the reports were filed on December 16, 2009, (Docket Item No. 50), by the plaintiff and on December 17, 2009, (Docket Item No. 51), by the defendants.

On January 28, 2010, oral arguments were heard regarding the objections to the Magistrate Judge's report and recommendations. At the conclusion of oral arguments,

---

[1]Because documents outside the pleadings were considered by the court in handling the defendants' motions to dismiss, the motions were properly converted to motions for summary judgment. (*See* Docket Item No. 45.)

the undersigned took the motions under advisement, (Docket Item No. 59), and later entered an Order, (Docket Item No. 58), accepting the Magistrate Judge's report and recommendations with respect to the claims against Wise County Sheriff Ronald D. Oakes and dismissing all claims against him. Thus, the court must now address the remaining claims against Wise County Commonwealth's Attorney Ronald K. Elkins and David L. Horner, a Big Stone Gap police officer and member of the Regional Drug Task Force.

At the hearing, counsel for Elkins argued that the Magistrate Judge erred by finding that absolute immunity was inapplicable. After reviewing the relevant law, as well as the arguments asserted by each party, I concur with Elkins's argument. "'The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Prosecutors are entitled to absolute immunity from civil liability when acting as an advocate for the state participating in conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In *Buckley*, the Court held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." 509 U.S. at 273. However, prosecutors are not entitled to absolute immunity for administrative duties or investigatory functions that do not relate to the initiation or preparation for a prosecution or judicial proceeding. *See Buckley*, 509 U.S. at 273.

In this case, Elkins was not officially Commonwealth's Attorney until February

2007. Thus, the indictments against Durham, dated May 31, 2006, and any investigation prior to the indictments against him, occurred prior to the date that Elkins officially took office as Commonwealth's Attorney. In examining the facts before the court, it appears that Elkins's actions were not administrative duties or investigatory functions. Durham claims that Elkins required him to produce cell phone records in order to prove his innocence, i.e., to demonstrate that Durham was not in Wise County when the charges against him allegedly took place. However, Elkins contends that he did not request such information, claiming that, in the weeks prior to March 20, 2007, Durham's counsel informed him that Durham could produce cell phone records to show that he was not in Wise County at the time of the alleged crime. According to both parties, once the cell phone records were produced, an order was entered on March 20, 2007, dismissing the claims against Durham.

It is the court's opinion that all actions undertaken by Elkins were actions taken in his position as an advocate for the Commonwealth of Virginia that amounted to conduct "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. In fact, his actions were routine functions of a prosecutor preparing for the initiation of a judicial proceeding. *See Buckley*, 509 U.S. at 273. Furthermore, the actions of Elkins occurred well beyond the investigatory stage of the proceedings; thus, the court is of the opinion that Elkins is not only entitled to the protection of qualified immunity, as stated in the Magistrate Judge's report, but he is also protected by absolute prosecutorial immunity. Thus, for the reasons stated above, Elkins's motions are hereby **GRANTED** and all claims against him are hereby **DISMISSED**.

Lastly, as to the claims against Officer Horner, the court notes that the Magistrate Judge found that Horner was protected by qualified immunity. The theory of qualified immunity states that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether Horner's actions were immunized, the court must identify the constitutional right that was allegedly violated, decide whether that right was clearly established at the time of the violation, and, if so, determine whether a reasonable person would have known their actions violated the right. *See Smith v. Reddy*, 101 F.3d 351, 355 (4th Cir. 1996) (citing *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992)). The inquiry of whether Horner violated clearly established constitutional rights is to be undertaken in the specific context of this case, not as a general proposition. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled on alternate grounds)). If it is determined that a constitutional right has not been violated and/or that the right was not clearly established, the defendant shall be immune. *See Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir. 2007)

The court recognizes, as did the Magistrate Judge, that there is much skepticism as to whether the right to be free from malicious prosecution is a clearly established constitutional right. However, the court is persuaded by the plaintiff's contention that a § 1983 malicious prosecution-type claim, asserted under the Fourth Amendment, amounts to a "clearly established" right to be free from unreasonable seizure. *See generally Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000). As such, because

the court finds that the allegations set forth a clearly established constitutional right, the court must examine whether Horner should have known that his actions violated that right. *See Smith*, 101 F.3d at 355. In light of facts before the court, which indicate that Horner proceeded to swear out a warrant on an individual approximately 20 years older than the actual perpetrator, when Horner was aware of the age of the person who actually committed the crime, and that Horner sought an individual who lived in Memphis, Tennessee, instead of Wise County, Virginia, when that individual had not lived in Wise County for approximately 10 years, the court finds that there is a dispute as to whether Horner's actions were reasonable and competent. *See generally Smith*, 101 F.3d at 355; *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Thus, I am of the opinion that such a dispute is a question best left for a jury to decide. Accordingly, Horner's motion for summary judgment is hereby **DENIED**.

For the reasons stated above, Ronald K. Elkins's motions, (Docket Item Nos. 37 and 45), are hereby **GRANTED**, and all claims against him are hereby **DISMISSED**, and the motions, (Docket Item Nos. 38 and 45), filed on behalf of David L. Horner are hereby **DENIED**.

The Clerk is directed to enter this Order and send copies of this Order to all counsel of record.

ENTER: This 29th day of January 2010.

/s/ Glen M. Williams
SENIOR UNITED STATES DISTRICT JUDGE